**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4029**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MONELLE TERROD HARRIS,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00330-WO-1)

Submitted:  June 24, 2010              Decided:  June 30, 2010

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, Jr., First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monelle Terrod Harris appeals from his conviction and 200-month total sentence imposed following his guilty plea to conspiracy to distribute cocaine base, possession with intent to distribute cocaine base, possession of a firearm during and in relation to a drug trafficking offense, and possession of a firearm by a person previously convicted of a felony. Harris' attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing the reasonableness of the sentence, but stating that, in his opinion, there was no merit to the appeal. Harris filed a pro se brief challenging the use of the 100-to-1 crack cocaine-to-powder cocaine sentencing ratio, the consecutive nature of his sentence for the possession of a firearm in furtherance of a drug trafficking offense, and the reasonableness of his ten-year supervised release term. He also asserts that counsel was ineffective at sentencing. Our review of the record discloses no reversible error; accordingly, we affirm Harris' conviction and sentence.

We find that Harris' guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Harris was properly advised of his rights, the offenses charged, and the mandatory minimum sentences he faced. The district court also determined that there was an independent factual basis for the plea and that the plea was not coerced or

2

influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

The court reviews Harris' sentence for reasonableness under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing a sentence, this court must first ensure that the district court properly calculated the defendant's advisory guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). The court then considers the substantive reasonableness of the sentence imposed under the totality of the circumstances. Gall, 552 U.S. at 51.

We find the district court correctly determined that Harris' advisory guidelines range was 168 to 210 months on the drug charges, provided an individualized analysis of the § 3553(a) factors as they apply to Harris' circumstances, and analyzed the arguments presented by the parties. The district court granted Harris' request for a downward variance from the advisory guidelines range based on the fact that Harris' offense level was increased due to his voluntary admission to greater drug quantities. The court also considered Harris' argument for a variance sentence in light of Kimbrough v. United States, 552 U.S. 85 (2007) (holding that district courts may consider the

crack-to-powder-cocaine guideline sentencing ratio as a possible basis for variance from the guidelines) and acknowledged its discretion to impose a variance sentence, but declined to impose a downward variance from the guidelines range on this basis. We conclude that the district court properly considered whether Kimbrough had any mitigating effect and adequately explained its decision.

We reject Harris' statutory interpretation argument that would, if accepted, require us to overturn our prior decision in United States v. Studifin, 240 F.3d 415 (4th Cir. 2001) (interpreting 18 U.S.C. § 924(c)'s mandatory consecutive sentencing scheme). It is a well settled part of our jurisprudence that one panel of this court cannot overrule the decision of a prior panel. See generally United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005).

Harris also challenges the ten-year supervised release term imposed by the district court, asserting that it was twice the mandatory term for one of the offenses. We find that the 200-month total sentence and the ten-year supervised release term imposed were not procedurally or substantively unreasonable, and therefore not an abuse of discretion. See Gall, 552 U.S. at 51. We therefore affirm Harris' sentence.

Finally, Harris asserts that counsel provided ineffective assistance at sentencing. Because the record does

4

not conclusively demonstrate any deficiency in counsel's representation of Harris, we decline to consider these claims on direct appeal. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Harris' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED